BONIN, J.,
Concurs With Reasons.
|,I respectfully concur.
Side By Side Redevelopment, Inc. (SBS) and Crescent City Property Redevelopment Services, Inc. (CCPRDSI) did not pay the ad valorem taxes on their properties situated in the Sixth Municipal District of the City of New Orleans, but they seek a declaratory judgment that the properties are exempt from taxation. See La. C.C.P. art. 1872.[1] SBS and CCPRDSI argue that its properties are exempt from ad valorem taxation on account of the provision of La. Const, art. VII, § 21(B)(1)(a) which provides for the exemption of
*1063 Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
Their petition fails to factually allege that either corporation has been “declared to be exempt from [either] federal or state income tax”. Their petition also fails to 12identify any statute or municipal ordinance which they would argue restricts or impedes the application of the exemption to their properties and should be declared unconstitutional.
La. R.S. 33:2828 sets forth the annual procedure in New Orleans for applying for the pertinent tax exemption and obtaining a certification that a property “qualifies for the exemption sought.” La. R.S. 33:2828 A. The application for certification for exemption requires that it be “signed and sworn to by the chairman of the board of directors of the organization”. La. R.S. 33:2828 C(2) and F. The assessor “shall evaluate and grant or deny the request for tax exemption ... by the first day of August of each year which shall determine the liability for or exemption from taxation for the calendar year. Each determination shall be subject to review as provided by law.” La. R.S. 33:2828 D. There is nothing to suggest that SBS or CCPRDSI filed such applications with the assessor.
La. R.S. 47:2132 sets for a procedure for a refund of “taxes erroneously paid on property which is or could be homestead exempt or otherwise exempt”. La. R.S. 47:2132 C(l) (emphasis supplied). “An action of the assessor or of the tax commission rejecting or refusing to approve any claim made under the provisions of this Section may be appealed by means of ordinary proceedings to the district court having jurisdiction where the property which is the subject of the claim is located.” La. R.S. 47:2132 D.
These corporations, if they are eligible nonprofits, have failed to avail themselves of the proper means to have their properties certified for the pertinent tax exemption.

. La. C.C.P. art. 1872 provides:
A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.